**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**REGINA D. REMBERT,**

**Plaintiff,**

**v.**

**Case No. 2:13-cv-1074**
**JUDGE GREGORY L. FROST**
**Magistrate Judge Mark R. Abel**

**J.C. PENNEY CORPORATION, INC.,**

**Defendant.**

# OPINION AND ORDER

This matter is before the Court for consideration of Defendant's motion to dismiss and to compel arbitration (ECF No. 3), Plaintiff's memorandum in opposition (ECF No. 6), and Defendant's reply memorandum (ECF No. 10). For the reasons that follow, this Court finds the motion well taken.

## I. Background

According to the complaint, Plaintiff, Regina D. Rembert, began working for Defendant, J.C. Penney Corporation, Inc. in August 1994.[1] Plaintiff's employment with Defendant ended with her April 2011 resignation. On the same day on which she submitted her letter of resignation, Plaintiff then requested to take sick leave and leave under the Family Medical Leave Act. One week later, Plaintiff sent Defendant an email in which she sought to rescind her resignation. Defendant declined to accept the rescission. Plaintiff thereafter filed the instant lawsuit, asserting claims for race and sex discrimination, age discrimination, equal pay violations,

[1] According to the motion to dismiss, the complaint incorrectly names J.C. Penney Company as the defendant. The motion to dismiss identifies the correct defendant as J.C. Penney Corporation, Inc. (ECF No. 3, at Page ID # 17.)

handicap discrimination, and the intentional infliction of emotional distress. (ECF No. 1 ¶¶ 33-59.) Defendant has filed a motion to dismiss and to compel arbitration. (ECF No. 3.) The parties have completed briefing on the motion, which is ripe for disposition.

## II. Discussion

### A. Standard Involved

The Sixth Circuit has explained the inquiry related to a motion to dismiss and to compel arbitration as follows:

> When considering a motion to stay proceedings and compel arbitration under the [Federal Arbitration] Act, a court has four tasks: first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000) (citing *Compuserve, Inc. v. Vigny Int'l Finance, Ltd.*, 760 F. Supp. 1273, 1278 (S.D. Ohio 1990)). The court of appeals has also held that "[a]ll doubts regarding arbitrability of an issue must be resolved in favor of arbitration" in light of "the strong policy favoring arbitration, as mandated by the Federal Arbitration Act." *Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, 383 F. App'x 517, 520 (6th Cir. 2010).

### B. Analysis

By motion, Defendant seeks for this Court to dismiss the action while the parties' dispute proceeds to compelled arbitration. To support its motion, Defendant directs this Court to an arbitration agreement that Plaintiff purportedly signed on July 6, 1998. That document indicates that, instead of resorting to the filing of a lawsuit, Plaintiff and Defendant agreed to arbitrate claims for "[d]iscrimination on the basis of race, sex, religion, national origin, age, disability, or

any other unlawful basis," as well as other claims arising out of the employment relationship. (ECF No. 3, at Page ID # 24.)

Plaintiff does not dispute the scope of the arbitration agreement. Nor does Plaintiff contend that any of the federal claims involved in this litigation are nonarbitrable by decree of Congress. Rather, Plaintiff argues that the parties did not necessarily agree to arbitrate and that, even if they did so agree, this Court should reject the agreement on a number of grounds.

In an effort to oppose compelled arbitration, Plaintiff has submitted an affidavit in which she asserts that she does not recall the arbitration agreement upon which Defendant relies. (ECF No. 61, at Page ID # 40 ¶ 2.) She states that she has "absolutely no recollection" of signing the agreement, and although she does not concede that the signature on the agreement is her signature, she does concede that it closely resembles her signature. (*Id.* at Page ID # 40-41 ¶¶ 4-5.) Plaintiff leaves open the possibility that she did indeed sign the arbitration agreement. (*Id.* at Page ID # 41 ¶ 6.) Such contentions hardly constitute dispositive evidence undermining the authenticity of Plaintiff's assent to the arbitration agreement. *See Pennington v. Frisch's Rests., Inc.*, 147 F. App'x 463, 467 (6th Cir. 2005) (requiring the party opposing an arbitration agreement to produce evidence undermining that party's signature on the agreement). In other words, "[t]o the extent plaintiff suggests she does not remember, this fails to create any issue as to whether the parties had a valid agreement to arbitrate." *Morgan v. United Healthcare Servs., Inc.*, No. 1:12-cv-676-HJW, 2013 WL 1828940, at *3 (S.D. Ohio Apr. 30, 2013) (rejecting lack of memory and speculation as to a defendant's ability to manufacture a signature as grounds for invalidating an arbitration agreement).

Plaintiff also contends that the Court should not enforce the agreement because there is no

evidence of consideration, which she posits renders the agreement unenforceable under contract principles. This is incorrect. The agreement binds both Plaintiff and Defendant to the arbitration process. (ECF No. 3, at Page ID # 24.) The Sixth Circuit has recognized that, under Ohio law, such a reciprocal agreement to engage in binding arbitration constitutes valid consideration to support an arbitration agreement. *Dantz v. Am. Apple Group, LLC*, 123 F. App'x 702, 708-09 (6th Cir. 2005).

Plaintiff next argues that the arbitration agreement is unenforceable because its contents were not explained to her, there was no meeting of the minds or bargaining, and, if she signed the agreement, she did so under duress. Plaintiff asserts that it would be unconscionable for this Court to enforce the agreement without inquiring into the circumstances under which the agreement was executed. None of these arguments are persuasive.

The arbitration agreement represents that it is a voluntary agreement and contains an acknowledgment that the employee signing it has had an opportunity to discuss the agreement with counsel. The agreement also set forth its terms clearly and incorporated the Rules of Arbitration that explains the process in detail. Ohio law does not impose upon Defendant a duty to orally explain the arbitration agreement to Plaintiff. *See Washington v. HSBC Mortg. Servs., Inc.*, No. 1:12-cv-595-HJW, 2013 WL 3192813, at *6 (S.D. Ohio June 21, 2013).

Plaintiff could have and should have read the agreement. It is not Defendant's fault if Plaintiff elected not to read the arbitration agreement and the related rules. The Sixth Circuit has in fact recognized that an employee's failure to read a contract containing an arbitration clause does not render the agreement to arbitration procedurally unconscionable. *Bowie v. Clear Your Debt, LLC*, 523 F. App'x 315, 316 (6th Cir. 2013). *See also Inland Bulk Transfer Co. v. Cummins*

*Engine Co.*, 332 F.3d 1007, 1016 (6th Cir. 2003). An employee's failure to read an arbitration agreement that she signs is the fault of the employee. *Bowie*, 523 F. App'x at 316.

The court of appeals has also recognized that an employee who agrees to arbitration "could have tried to negotiate the arbitration provision or . . . could have gone to another . . . company." *Id.* Plaintiff has made no showing here that she would have been unable to find suitable employment if she refused to sign the arbitration agreement so as to make a persuasive argument that the agreement was a contract of adhesion. *See Cooper v. MRM Investment Co.*, 367 F.3d 493, 501-02 (6th Cir. 2004).

Given the foregoing, the Court "cannot say that there was such a vast disparity in bargaining power that no meeting of the minds occurred. There is no procedural unconscionability, and as a result, the arbitration provision was not unconscionable." *Bowie*, 523 F. App'x at 316. Given the lack of procedural unconscionability, there is no need to explore whether any substantive unconscionability might exist because both elements must exist to find an arbitration agreement unconscionable. *See Dantz*, 123 F. App'x at 709 (citing *Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646, 666 (6th Cir. 2003) (en banc)). Thus, none of Plaintiff's arguments against enforcement of the arbitration agreement prevail.

Having concluded that arbitration is warranted, the Court is left with the issue of whether to dismiss or to simply stay this litigation. Asserting that it is unclear whether her claim of intentional infliction of emotional distress clearly falls within the scope of the arbitration agreement, Plaintiff asks that if the Court orders arbitration, the Court then dismiss this case without prejudice or stay the litigation until arbitration is complete. Plaintiff interprets the agreement too narrowly. The Court elects to dismiss without prejudice as opposed to stay this

case. *See Ozormoor v. T-Mobile USA, Inc.*, 354 F. App'x 972, 975 (6th Cir. 2009); *Hensel v. Cargill, Inc.*, 198 F.3d 245, 1999 WL 993775, at *4 (6th Cir. 1999) (unpublished table decision).

## III. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss and to compel arbitration. (ECF No. 3.) This Court **DISMISSES** the action **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE